IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03053-NYW

RICKY T. GRAHAM, and
CONNIE L. ARCHULETA,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

## ORDER ON MOTION TO STAY

Magistrate Judge Nina Y. Wang

    This matter comes before the court on the Joint Motion to Stay (the "Motion" or "Motion to Stay") filed on March 1, 2022 by Plaintiffs Ricky T. Graham and Connie L. Archuleta (collectively, "Plaintiffs") and Defendant the United States of America ("Defendant"). [Doc. 18]. The court considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes dated January 5, 2022. [Doc. 9]. Upon review of the Motion to Stay and the applicable case law, the Motion to Stay is **GRANTED**.

## BACKGROUND

    Plaintiffs initiated this action on November 12, 2021 pursuant to the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a. *See* [Doc. 1]. Plaintiffs allege that they possess mineral interests in certain real property located in Adams County, Colorado, [*id.* at ¶¶ 2, 25, 31], which they assert were conveyed "with [an] overarching surface estate . . . without mineral reservation" to their great grandfather by Defendant via a federal patent. [*Id.* at ¶ 26]; *see also* [*id.* at ¶¶ 34-35, 37-39]. Defendant, however, claims that it is the lawful owner of the subject mineral interests. [*Id.* at ¶ 3].

Plaintiffs seek a declaratory judgment determining the right, title, and interest in the disputed mineral rights in their favor. [*Id.* at ¶ 15].

This court held a Scheduling Conference on January 20, 2022, setting the discovery deadline for July 20, 2022 and a dispositive-motion deadline for August 22, 2022. [Doc. 12; Doc. 13]. On February 4, 2022, Defendant filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (the "Motion to Dismiss"), wherein it argues that the court lacks subject-matter jurisdiction over Plaintiff's claim because it was filed outside the scope of the QTA's statute of limitations. *See* [Doc. 16]. Plaintiffs oppose the Motion to Dismiss, arguing that their QTA claim is not barred because neither Plaintiffs nor their predecessors in interest had actual or constructive knowledge of any ownership claim by Defendants to the mineral rights until 2018. *See generally* [Doc. 14]. The Motion to Dismiss is not yet fully briefed.

The Parties jointly filed the Motion to Stay on March 1, 2022, asking the court to stay discovery in this matter pending the resolution of the Motion to Dismiss. [Doc. 18]. They argue that a stay pending a determination of the court's jurisdiction is in the best interests of the Parties and of the court, as it will conserve time and resources that would otherwise be expended in a case that may ultimately be fully resolved on jurisdictional grounds. *See generally* [*id.*]. The court considers the propriety of a stay below.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order," and the court may, "for good cause, issue an order to protect a party or person from

2

annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action; whether defendants will suffer irreparable harm; whether the stay will cause substantial harm to other parties to the proceeding; and the public interests at stake. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The court may also consider the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay, the burden on the defendants, and the convenience to the court (the "*String Cheese* factors"). *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda,* No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). Courts in this District generally disfavor the stay of all discovery, *see Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007), but such a stay may be appropriate pending the resolution of a motion to dismiss impacting immunity or jurisdictional issues. *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019).

## ANALYSIS

The Parties seek to stay discovery in the instant action pending resolution of their Motion to Dismiss, arguing that (1) discovery is unavailable where the court lacks jurisdiction; (2) granting

3

a stay is within the court's inherent authority, and such authority should be exercised here; and (3) a stay is appropriate under the *String Cheese* factors. [Doc. 18 at 2-5]. The court addresses these arguments below.

I.      **Jurisdictional Issues**

First, the Parties argue that a stay is warranted because the Motion to Dismiss raises a statute-of-limitations argument and discovery is unavailable where the court lacks jurisdiction. [*Id.* at 2]. A statute-of-limitations argument does not, as a matter of course, implicate jurisdictional concerns. *See Barnes v. United States*, 776 F.3d 1134, 1145-46 (10th Cir. 2015) (stating that the Supreme Court has "explained time and again that statutes of limitations are not always—and, indeed, presumptively are not—jurisdictional."). However, the Tenth Circuit has instructed that the statute of limitations contained in the QTA constitutes a jurisdictional prerequisite to suit. *See, e.g.*, *Rio Grande Silvery Minnow (Hybognathus amarus) v. Bureau of Reclamation*, 599 F.3d 1165, 1175 (10th Cir. 2010) ("Timeliness under [the QTA] is a jurisdictional prerequisite to suit under section 2409a."); *accord Spirit Lake Tribe v. North Dakota*, 262 F.3d 732, 738 (8th Cir. 2001) ("[T]he QTA statute of limitations acts as a jurisdictional bar unlike most statutes of limitations, which are affirmative defenses."). Thus, if Defendant is correct that Plaintiffs' claim falls outside of the QTA statute of limitations, the court would not have subject-matter jurisdiction over this case.

"Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved." *Elec. Payment Sys., LLC v. Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624-WYD-MEH, 2015 WL 3940615, at *2 (D. Colo. June 25, 2015). Indeed, "neither [the court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion involving jurisdiction is pending." *Zimmerman v. CIT Grp., Inc.*, No.

4

08-cv-00246-ZLW-KLM, 2008 WL 1818445, at *1 (D. Colo. Apr. 21, 2008). A court may decide that, in a particular case, it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved, *see* 8A Wright & Miller, et al., Fed. Prac. & Proc. § 2040 (3d ed. 2021), and the court finds such is the case here, where the Parties currently dispute the very fact of the court's subject-matter jurisdiction over this case.

## II.     The *String Cheese* Factors

Although the Parties maintain that a stay is appropriate based on the pending, unresolved jurisdictional issues in this case, the court nevertheless finds it appropriate to discuss the *String Cheese* factors, which too suggest that a stay is warranted here.

***Plaintiff's Interest in Proceeding Expeditiously***. Plaintiffs "undoubtedly have an interest in proceeding expeditiously in this matter." *Sanchez v. City & Cty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020). However, Plaintiffs do not oppose a stay of discovery, and thus, it does not appear that they believe that their interest will be significantly harmed by a stay of discovery in this case. *Cf. Collins v. Dkl Ventures, LLC*, No. 16-cv-00070-MSK-KMT, 2016 WL 852880, at *2 (D. Colo. Mar. 4, 2016) (finding that, where the plaintiff did not oppose a stay of discovery, no prejudice would result from a stay). Thus, the court finds that this factor is neutral.

***The Burden on Defendant***. The court finds that the second *String Cheese* factor—the burden on Defendant—weighs in favor of a stay. Typically, "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens." *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011). However, the burden on a defendant in "proceeding in litigation during the pendency of jurisdictional and immunity issues is well-observed by the federal courts." *Strom v. Weiser*, No. 20-cv-03417-KLM, 2021 WL

5

Case 1:21-cv-03053-NYW   Document 19   Filed 03/03/22   USDC Colorado   Page 6 of 7

5561724, at *3 (D. Colo. Feb. 18, 2021). Indeed, courts are more inclined to stay discovery where, as here, the court's jurisdiction is in dispute and where a pending motion could fully dispose of a case. *Clarendon*, 2019 WL 1897845, at *2; *see also Alexander v. Foegen*, No. 10-cv-01993-LTB-MEH, 2011 WL 683813, at *1 (D. Colo. Feb. 17, 2011) (recognizing burden on defendants in proceeding with discovery where there was a pending motion to dismiss raising statute-of-limitations argument). This factor weighs in favor of staying discovery.

*The Convenience to the Court*. The third *String Cheese* factor also favors a stay. Although courts in this District have recognized the "inconvenience[] [of] an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and . . . less manageable," *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008), the Motion to Dismiss may resolve this case entirely. *See* [Doc. 16]. "Judicial resources would best be conserved by imposing a stay until the jurisdictional challenge is resolved." *Strom*, 2021 WL 5561724, at *3. Accordingly, I find that factor three weighs in favor of granting a stay.

*The Interests of Non-Parties and the Public Interest*. The Parties do not identify any non-parties who may be affected by a stay in this matter. *See* [Doc. 18 at 5]. Additionally, they maintain that no public interests would be impacted if the court were to stay discovery. [*Id.*]. Thus, the fourth and fifth *String Cheese* factors are neutral. *See Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *9 (D. Colo. Feb. 25, 2021) (where no party had identified non-party interests, the fourth *String Cheese* factor was neutral).

In sum, while stays of discovery are typically disfavored in this District, the court finds that a stay is appropriate here pending the resolution of the Motion to Dismiss and the jurisdictional issues therein. In so ruling, the court does not pass on the merits of the Motion to Dismiss or any

Party's attendant arguments.  The Motion to Stay is hereby **GRANTED**.  Discovery in this matter is **STAYED** pending the resolution of the Motion to Dismiss.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) The Joint Motion to Stay [Doc. 18] is **GRANTED**;

(2) All discovery in this matter is hereby **STAYED** pending final resolution of the pending Motion to Dismiss [Doc. 16]; and

(3) Within **seven business days** of the final disposition of the pending Motion to Dismiss [Doc. 16], to the extent that Plaintiffs' claim against Defendant survives, counsel for the Parties **shall FILE** a joint status report informing the court of the Parties' remaining discovery needs and the Parties' positions on the appropriate next steps in this case.

DATED:  March 3, 2022                                BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge