## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Nina Y. Wang

Civil Action No. 21-cv-03053-NYW

RICKY T. GRAHAM, and
CONNIE L. ARCHULETA,

      Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

      Defendant.

---

## ORDER

---

This matter is before the Court on the Motion to Amend Complaint (the "Motion" or "Motion to Amend") filed by Plaintiffs Ricky T. Graham and Connie L. Archuleta. [Doc. 44]. The United States has responded in opposition to the Motion, *see* [Doc. 47], and Plaintiffs have replied. [Doc. 49]. The Court has reviewed the Motion and the related briefing, the entire docket, and the applicable case law. For the reasons set forth in this Order, the Motion to Amend is respectfully **GRANTED**.

## BACKGROUND

The Court has previously set forth the lengthy factual and procedural background of this case, *see* [Doc. 24], and does so again here only as necessary for purposes of this Order. Plaintiffs Ricky T. Graham and Connie L. Archuleta (collectively, "Plaintiffs") are siblings who claim title to mineral interests in real property situated in Adams County, Colorado (the "Property"). *See* [Doc. 1 at ¶¶ 2, 4, 31; Doc. 44-2 at ].[1]  In 1902, the United States conveyed the Property to David

---

[1] For purposes of this Background section only, the Court cites to allegations in Plaintiffs' Original

McD. Graham ("David Graham I") via United States patent, "without mineral reservation," and the Property subsequently passed through several owners. [*Id.* at ¶¶ 25–26; Doc. 44-2 at ¶ 18; Doc. 1-5]. Plaintiffs allege that David Graham I is their great grandfather and that they came into possession of the mineral interests after the interests were reserved by David Graham I and were passed from generation to generation, eventually passing to them. [Doc. 1 at ¶¶ 30–39; Doc. 44-2 at ¶ 21].

The United States, however, also claims an ownership interest in the subject mineral rights. [Doc. 1 at ¶ 3; Doc. 44-2 at ¶ 3]. Relevant here, the Property was conveyed to the United States via a deed recorded on January 26, 1943 (the "1943 Deed"). *See* [Doc. 44-2 at ¶ 20; Doc. 44-7]. Plaintiffs allege that they became aware of the United States's claim to the mineral rights on December 6, 2018 via a letter sent by the United States Bureau of Land Management to Plaintiff Archuleta. [Doc. 1 at ¶ 41; Doc. 44-2 at ¶ 36].

Plaintiffs initiated this federal action on November 12, 2021 pursuant to the Quiet Title Act, 28 U.S.C. § 2409a *et seq. See generally* [*id.*]. On February 4, 2022, the United States filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (the "Motion to Dismiss"), arguing that the case should be dismissed for lack of subject matter jurisdiction. [Doc. 16]. Specifically, the United States argued that the Quiet Title Act's twelve-year statute of limitations was jurisdictional in nature and asserted that because Plaintiffs had failed to file their lawsuit within the statute of limitations, this Court lacked jurisdiction over Plaintiffs' claim. [*Id.* at 4]. On April 29, 2022, this Court granted the Motion to Dismiss upon concluding that the allegations in the Complaint were insufficient to plausibly establish that Plaintiffs' claim had accrued in 2018, as Plaintiffs suggested;

---

Complaint [Doc. 1] and the redlined version of their Proposed Amended Complaint [Doc. 44-2].

rather, the allegations and evidentiary materials[2] established that the claim had accrued in 1943 upon the recordation of the 1943 Deed. [Doc. 24 at 15–16]. And because Plaintiffs' claim was not filed within twelve years of that date, the Court found that their claim was barred by the Quiet Title Act's statute of limitations. [Id. at 16]. The Court dismissed Plaintiffs' claim without prejudice for lack of subject matter jurisdiction, but granted Plaintiffs leave to file either a motion to amend the complaint or a motion for jurisdictional discovery. [Id. at 17]. Plaintiffs subsequently filed a Motion for Jurisdictional Discovery, [Doc. 27], which this Court granted in part. See [Doc. 36]. After taking the permitted limited jurisdictional discovery, Plaintiffs filed the instant Motion to Amend. [Doc. 44].

## LEGAL STANDARD

This Court stayed discovery prior to the expiration of the deadline to amend pleadings. See [Doc. 13 at 6; Doc. 19]. If a party files a motion to amend prior to the expiration of the deadline for joinder of parties and amendment of pleadings, Rule 15(a) alone governs whether to grant the movant leave to amend. See Fernandez v. Bridgestone/Firestone, Inc., 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the proposed amendment. Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). A proposed amendment is futile if the amended complaint would be subject to dismissal for any reason. See Watson v. Beckel, 242 F.3d

---

[2] Because the United States had raised a factual attack on the Court's subject matter jurisdiction, this Court "[did] not assume the truthfulness of the allegations in the Complaint and . . . consider[ed] documents outside of the Complaint in ruling on the Motion to Dismiss." [Doc. 24 at 1 n.1 (citing United States v. Rodriquez Aguirre, 264 F.3d 1195, 1203 (10th Cir. 2001))].

1237, 1239–40 (10th Cir. 2001).   Ultimately, whether to allow amendment is within the trial

court's discretion.  *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978–79 (10th Cir. 1996).

## ANALYSIS

### I.    *Wilkins v. United States*

In its Motion to Dismiss, the United States argued that the Quiet Title Act's statute of

limitations was a jurisdictional prerequisite to suit, and because Plaintiffs' claim was filed outside

of the limitations window, the Court lacked subject matter jurisdiction over the claim.  *See* [Doc.

16 at 5–6].  Plaintiffs agreed in their Response that "[t]imeliness is a jurisdictional prerequisite to

suit" under the Quiet Title Act.  [Doc. 17 at 7].  This Court, following binding Tenth Circuit

precedent in *Knapp v. United States*, 636 F.2d 279 (10th Cir. 1980), similarly concluded that a

federal court lacks subject matter jurisdiction over a claim that is untimely under the Quiet Title

Act.  *See* [Doc. 24 at 7]; *see also Knapp*, 636 F.2d at 282 ("Timeliness . . . is a jurisdictional

prerequisite to suit under [the Quiet Title Act].").

After the Court issued its Memorandum Opinion and Order on the Motion to Dismiss, the

Supreme Court granted certiorari in *Wilkins v. United States* to resolve a Circuit split as to whether

the Quiet Title Act's statute of limitations is jurisdictional in nature.  *See Wilkins v. United States*,

143 S. Ct. 870, 875 (2023).  The Supreme Court issued an opinion in *Wilkins* on March 28, 2023,

holding that the Act's statute of limitations "is a nonjurisdictional claims-processing rule."  *Id.* at

881.  This Court thus clarifies that, pursuant to *Wilkins*, a plaintiff's failure to comply with the

Quiet Title Act's statute of limitations does not deprive a federal court of subject matter jurisdiction

over the plaintiff's claim.   It follows that any motion to dismiss challenging a plaintiff's

compliance with the statute of limitations would properly arise under Rule 12(b)(6), not Rule

12(b)(1).  With this in mind, the Court turns to the Parties' arguments with respect to the propriety

4

of amendment.

## II.     Whether Amendment is Appropriate Under Rule 15(a)

The Government opposes the Motion to Amend exclusively on futility grounds.  *See* [Doc. 47 at 4].  It contends that amendment is futile because (1) notwithstanding the new allegations in Plaintiffs' Proposed Amended Complaint, Plaintiffs' claim would still be subject to dismissal under Rule 12(b)(6) for failure to state a claim, [*id.* at 11]; and (2) Plaintiff's Proposed Amended Complaint would not survive a motion for summary judgment under Rule 56.  [*Id.* at 12].[3]  "A proposed amendment to a complaint is futile if it would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment or a motion to dismiss."  *Midcities Metro. Dist. No. 1 v. U.S. Bank Nat'l Ass'n*, 44 F. Supp. 3d 1062, 1068 (D. Colo. 2014).   As the Party opposing amendment, the United States bears the burden of demonstrating that amendment would be futile.  *Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009); *Acker v. Burlington N. & Santa Fe R. Co.*, 215 F.R.D. 645, 654 (D. Kan. 2003).

### A.     Rule 12(b)(6)

"The relevant standard in determining whether claims are futile is the same standard that is applied to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."  *Meadows at Buena Vista, Inc. v. Ark. Valley Pub. Co.*, No. 10-cv-02871-MSK-KMT, 2012 WL 502688, at *2 (D. Colo. Feb. 15, 2012), *aff'd*, 505 F. App'x 800 (10th Cir. 2012); see *also Gohier v. Enright*, 186 F.3d 1216, 1218

---

[3] The United States also argues that amendment is futile because Plaintiffs' claim would be subject to dismissal for lack of subject matter jurisdiction under Rule 12(b)(1).  [Doc. 47 at 4–11].  The Court notes that the United States filed its Response to the Motion to Amend prior to the Supreme Court's *Wilkins* decision; in light of *Wilkins*'s clarification that timeliness is not a jurisdictional prerequisite to a claim filed under the Quiet Title Act, the Court does not address this argument.

(10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim."). That is, the Court accepts the Proposed Amended Complaint's well-pleaded allegations as true and construes all reasonable inferences in Plaintiffs' favor, limiting its determination to whether Plaintiffs' allegations "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

As a preliminary matter, the Court notes that "[i]n some cases where a party is moving to amend a complaint, it makes sense to dive deeply into the potential merits of the amended claims; in other cases it does not." *Duong v. State Farm Mut. Auto. Ins. Co.*, No. 21-cv-02187-WJM-NRN, 2022 WL 1198947, at *2 (D. Colo. Feb. 18, 2022); *see also Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (noting that a futility argument raised in a motion to amend may "place the cart before the horse"). If a case presents a complex issue of law, the "better course is to liberally allow amendments that state a colorable claim and defer judgment as to whether they survive a motion to dismiss for failure to state a claim until such time when that motion is raised." *Romero v. Reams*, No. 18-cv-02575-RM-NRN, 2020 WL 6044323, at *5 (D. Colo. Oct. 13, 2020).[4]

The United States argues that Plaintiffs' Proposed Amended Complaint would be subject to dismissal for failure to state a claim because "the expiration of the limitations period bars relief on Plaintiff[s'] claim" and "neither Plaintiffs' original complaint nor their proposed Amended Complaint contains any allegations that would justify tolling the statute of limitations." [Doc. 47

---

[4] This Court has favored resolving Rule 12(b)(6) arguments in the context of a Rule 12(b)(6) motion, as opposed to a motion to amend. *See, e.g.*, *Cousik v. City & Cnty. of Denver*, No. 22-cv-01213-NYW-SKC, 2022 WL 16713088, at *3 (D. Colo. Nov. 4, 2022); *Cooper v. Colo. Dep't of Corr.*, No. 21-cv-02411-PAB-NYW, 2022 WL 2063229, at *6 (D. Colo. June 8, 2022).

at 12].  The United States questions whether "Plaintiffs can adduce any facts that would justify tolling the statute for four generations over the course of nearly 80 years."  [*Id.*].  In their Reply, Plaintiffs contend that they "have presented a factual and legal basis that the [Quiet Title Act's] 12-year statute of limitations did not begin to accrue until 2018," and "[t]hus, the limitations period has not expired."  [Doc. 49 at ¶ 10].  In the alternative, Plaintiffs contend that the timeliness issue should not be decided at the motion-to-dismiss stage.  [*Id.* at ¶¶ 11–12].

While the United States contends that the Proposed Amended Complaint lacks sufficient allegations to plausibly allege that the statute of limitations was equitably tolled, this does not appear to be the theory upon which Plaintiffs are proceeding.  *See KPH Healthcare Servs., Inc. v. Mylan N.V.*, No. 20-2065-DDC-TJJ, 2022 WL 3153687, at *5 (D. Kan. Aug. 8, 2022) ("Our Circuit *requires* that plaintiffs who file a lawsuit after the statute of limitations expires must shoulder 'the burden . . . to identify a theory that allows them to overcome the statute of limitations and thereby render their claims timely.") (quoting *Herrera v. City of Espanola*, 32 F.4th 980, 992 (10th Cir. 2022) (alterations in original and emphasis added).  Instead, Plaintiffs' theory of the case is that the statute-of-limitations period *did not begin to run* until 2018 because the 1943 Deed did not provide constructive notice of the United States's claim to the mineral interests.  *See, e.g.*, [Doc. 44-2 at ¶¶ 8, 19, 21, 35].  The Court cannot fault Plaintiffs for failing to provide factual allegations supporting a legal theory that they do not intend to employ.

Furthermore, and importantly, the Court's review of the sufficiency of Plaintiffs' allegations employs a less exacting standard post-*Wilkins*.  Unlike the procedure governing the Court's prior Memorandum Opinion and Order—wherein the Court did not take Plaintiffs' allegations as true and considered extraneous materials, *see* [Doc. 24 at 1 n.1]—this Court must, in both the Rule 12(b)(6) context and in assessing futility of amendment at this juncture, accept

Plaintiffs' well-pleaded allegations supporting their theory of relief as true.  *Iqbal*, 556 U.S. at 678; *Meadows at Buena Vista*, 2012 WL 502688, at *2; *Wilkins*, 143 S. Ct. at 881.  The United States raises no futility argument with respect to Plaintiffs' intended theory of relief—that their cause of action did not accrue until 2018.  *See generally* [Doc. 47].  Because the United States's only Rule 12(b)(6) futility argument concerns a legal theory on which Plaintiffs do not proceed, the Court cannot find that the proposed amendment is futile on this basis.

### B.    Rule 56

In the alternative, the United States argues that the proposed amendment is futile because Plaintiffs' claim would not survive a motion for summary judgment.  [Doc. 47 at 12].  Specifically, the United States contends that "[a]lthough the Government has provided Plaintiffs with thousands of pages of documents, Plaintiffs have thus far been unable to construct a persuasive argument that their predecessors reserved the Minerals. . . .  At the same time, there is considerable evidence to suggest that their predecessors did *not* reserve them."  [*Id.*].  The United States's argument relies on its own interpretation of the record evidence in this case.  *See, e.g.*, [*id.* at 14 ("[T]he possibility that the Tract Register erroneously indicates that the Minerals were 'reserved by [David Graham I]' is supported by the chain of title. . . . [T]he 1949 Tract Register cannot be correct, because there is no evidence that the Minerals could have been 'reserved by [David Graham I],' because the property was not in fact sold in his lifetime.")].

Respectfully, the Court believes that this argument would be more appropriately raised in a summary judgment motion.  "Courts are often hesitant . . .to address the merits of difficult legal issues when those issues are presented through motion to amend and will often [defer] consideration until a later stage in the proceedings."  *Cupps v. Pioneer Canal-Lake Hattie Irrigation Dist.*, No. 16-cv-86-S, 2017 WL 11666073, at *5 (D. Wyo. Aug. 7, 2017).  Indeed, the

Court notes that while Plaintiffs have taken some limited discovery in this case, *see* [Doc. 36 at 14 (this Court permitting Plaintiffs to seek "documents relating to mineral audits, mineral deeds or any other documentary information pertaining to the Property from Union Pacific Railroad Company in Omaha, NE") (alteration marks omitted)], they have not been afforded a full discovery period. And while the United States represents that it "has produced thousands of pages of documents in response to Plaintiffs' many Freedom of Information Act ('FOIA') requests," [Doc. 47 at 1], it is unclear to the Court what exactly Plaintiffs obtained through these FOIA requests or how those documents relate to the arguments raised by the United States in its Response.[5] The Court declines to speculate whether additional discovery is necessary or what the Parties could or could not obtain in discovery that may impact the substantive determination of the issue. But at the same time, this Court is mindful that any future discovery must be relevant and proportional to the case pursuant to Fed. R. Civ. P. 26(a)(1) and speculation will be insufficient to avoid summary judgment. *See* [Doc. 49 at ¶ 8 ("Plaintiffs are haunted by the suspicion that there do exist documents to prove Plaintiffs['] theory of the case. Unfortunately, despite the efforts of the Plaintiffs themselves, the efforts of undersigned counsel, the cooperator of opposing counsel as well as representatives of the U.S. Government and the Orders granted by this Court, such document cannot be located… at least not yet!")].

Furthermore, because the United States's arguments are made in its Response to the Motion to Amend, they are not properly framed to permit the Court to determine whether any genuine

---

[5] The Court notes that the United States has represented that "[b]eginning in 2018, Plaintiffs have made FOIA requests for, and had produced to them," certain categories of documents from the United States Fish & Wildlife Service, the Army Corps of Engineers, and the United States Bureau of Land Management. [Doc. 30 at 8]. However, the Court is not persuaded that Plaintiffs should be denied the opportunity to participate in discovery simply because they have previously submitted FOIA requests to the government.

issues of material fact exist in this case.  *See* Fed. R. Civ. P. 56(a) (permitting summary judgment only where there is no genuine dispute of material fact); *Starr v. AllState Fire & Cas. Co.*, No. 19-cv-01278-CMA-SKC, 2020 WL 13499978, at *2 (D. Colo. May 6, 2020) ("To the extent Defendant believes that the proposed amendments are subject to summary judgment, such analysis is best reserved for the appropriate motions that comply with the Civil Practice Standards of the presiding judge. . . .  The parties have not yet filed any motions for summary judgment, and the Defendant's arguments may be more fully presented in that context."); *see also* Civ. Practice Standard 7.1D(b)(b)(1), (4) (requiring a summary-judgment movant to "set forth . . . each material fact that the movant believes is not in dispute and that supports the movant's claim that movant is entitled to judgment as a matter of law" and requiring the opposing party to admit or deny the movant's asserted material facts).  The Court declines to prematurely wade into the merits of Plaintiffs' claim, pre-discovery; instead, the United States can raise its merits arguments at the dispositive-motion stage, if appropriate.  *See Carefusion 213, LLC v. Pro. Disposables, Inc.*, No. CIV.A. 09-2616-KHV, 2010 WL 4004874, at *6 (D. Kan. Oct. 12, 2010) ("Defendants' arguments are better suited for resolution on a motion for summary judgment than a motion to amend.").

For these reasons, the Court respectfully disagrees with the United States that, at this juncture, Plaintiffs' proposed amendment would necessarily be futile.  Accordingly, the Court will **GRANT** the Motion to Amend.

## III.   The Motion for Reconsideration

On April 28, 2023, Plaintiffs filed a Motion for Reconsideration of this Court's April 29, 2022 Order Granting Defendant's Motion to Dismiss Based Upon Newly Established Law (the

"Motion for Reconsideration"). [Doc. 56].[6]   Therein, Plaintiffs ask this Court to reconsider the Court's Memorandum Opinion and Order dismissing Plaintiffs' claim for lack of subject matter jurisdiction in light of *Wilkins*. [*Id.* at 1]. Plaintiffs contend that, in light of *Wilkins*, this Court's Memorandum Opinion and Order and Defendant's Motion to Dismiss "are contrary to preceden[ts] and should be reversed and/or this Court should not consider any arguments for dismissal based on lack of subject matter jurisdiction under the [Quiet Title Act's] 12-year statute of limitations." [*Id.* at 11].

The Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders if justice so requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new

---

[6] The Court notes that, in Plaintiffs' certificate of conferral, Plaintiffs state that "[o]n April 28, 2023, counsel for Plaintiffs attempted to confer with counsel for Defendant regarding this Motion by emailing the Motion to Counsel for Defendant. Counsel for the Defendant was out of the office on April 28, 2023, and therefore did not respond. Counsel for Plaintiffs presume that Counsel for Defendant would like to note their position on this Motion but did not yet get the chance." [Doc. 56 at 2]. The Local Rules require that "[b]efore filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter." D.C.COLO.LCivR 7.1(a). Emailing opposing counsel on the same day that a (presumably opposed) motion is filed is insufficient to meet the conferral requirements of Rule 7.1(a). *See, e.g.*, *Latham v. High Mesa Commc'ns*, No. 17-cv-02118-JLK-GPG, 2019 WL 10374163, at *2 (D. Colo. July 22, 2019); *Otter Prods., LLC v. Big Birds, LLC*, No. 19-cv-00626-DME-KLM, 2021 WL 4439798, at *3 (D. Colo. Sept. 27, 2021). Plaintiffs' failure to comply with the Local Rules would be a sufficient basis, alone, to strike the Motion for Reconsideration. *See Latham*, 2019 WL 10374163, at *2. All Parties are expressly **REMINDED** of their obligations to comply with the Local Rules of this District and are **ADVISED** that <u>any additional motions that are filed without a meaningful attempt at conferral will be stricken without substantive consideration.</u>

evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Whether to grant or deny a motion for reconsideration is within the trial court's discretion. *Sec. Serv. Fed. Credit Union v. First Am. Mortg. Funding, LLC*, 906 F. Supp. 2d 1108, 1111 (D. Colo. 2012).

While the Court acknowledges an intervening change in controlling law since it issued its Memorandum Opinion and Order, the Court nevertheless concludes that reconsideration of that Order is not warranted in light of this Court's ruling permitting Plaintiffs to file an amended pleading. Indeed, Plaintiffs' arguments in the Motion for Reconsideration appear to be premised on the dismissal of Plaintiffs' claims, *see, e.g.*, [Doc. 56 at 5 ("dismissal of Plaintiffs' claims at this stage would not be proper"); *id.* at ¶ 21 ("justice would not be served were this Court to dismiss Plaintiffs' claims")], but in this Order, the Court has granted the Motion to Amend and is permitting Plaintiffs to file their Proposed Amended Complaint. Furthermore, it is unclear to the Court how granting reconsideration of the Memorandum Opinion and Order would affect the status and progression of this case; Plaintiffs seemingly ask this Court to reverse its prior Order and deny the Motion to Dismiss, which would result in the reinstatement of their original Complaint. *See Waddy v. Bd. of Pub. Utilities*, No. CIV.A. 01-2178-CM, 2002 WL 31527744, at *2 (D. Kan. Oct. 16, 2002) (granting motion for reconsideration as to an order granting a motion to dismiss and reinstating the plaintiff's claims). But the Court also notes that in their Motion for Reconsideration, Plaintiffs "still ask this [C]ourt [to] grant their Motion to Amend and accept their Amended Complaint because of additional information added that would best serve this Court and all parties." [Doc. 56 at ¶ 10]. Plaintiffs do not address how their dual requests can be harmonized or why reconsideration is warranted even in the event that they are granted leave to amend. *See generally* [*id.*].

This Court must administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. It appears to the Court that reconsideration of the Memorandum Opinion and Order and reinstatement of Plaintiffs' Complaint would be an ineffectual effort, as Plaintiffs' reinstated Complaint would be automatically superseded by their Amended Complaint. Because Plaintiffs have—in essence— already been granted the relief that they seek through the grant of their Motion to Amend, the Court does not find it in the interest of judicial economy to expend its limited judicial resources reissuing an Order on a Motion to Dismiss directed at a now-inoperative pleading. Rather, the most efficient use of the Court's resources is to permit Plaintiffs to proceed on their amended pleading, as requested in the Motion to Amend. For these reasons, the Motion for Reconsideration is **DENIED as moot**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)     The Motion to Amend Complaint [Doc. 44] is **GRANTED**;

(2)     Plaintiffs **SHALL FILE** a clean copy of their Proposed Amended Complaint [Doc. 44-1] within **two business days** of the date of this Order;

(3)     The Motion for Reconsideration of this Court's April 29, 2022 Order Granting Defendant's Motion to Dismiss Based Upon Newly Established Law [Doc. 56] is **DENIED as moot**; and

(4)     Within **seven days** of the date of this Order, counsel for the Parties shall jointly contact the undersigned's chambers at **303.335.2600** to set a Scheduling Conference in this matter. **The Parties should be prepared to address at the Conference what additional discovery, if any, is necessary or whether the**

13

**Parties intend to simply move to briefing on dispositive motions.**


DATED:  May 16, 2023                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

14